IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| GENE B. CUMMINS, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | NOTICE OF REMOVAL |
| J.B. HUNT TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant J.B. Hunt Transport, Inc., ("J.B. Hunt") removes to this Court the state court action described below:

THE REMOVED CASE

1.     Plaintiff Gene B. Cummins ("Cummins") filed an action in the Iowa District Court for Polk County styled *Gene B. Cummins v. J.B. Hunt Transport Services, Inc.*, Case No. 05771 LACL130488, on June 11, 2014.  Plaintiff subsequently filed a Motion for Leave to File Second Amended Petition on August 22, 2014 styled *Gene B. Cummins v. J.B. Hunt Transport, Inc.*, Case No. 05771 LACL130488.  The Iowa District Court for Polk County granted Plaintiff's Motion, and deemed the Second Amended Petition at Law and Jury Demand ("the State Court Action") filed on September 4, 2014.

2.     Defendant J.B. Hunt was served with the State Court Action on or about September 16, 2014.[1]  No further proceedings have been had in the instant action.

_____

[1] Plaintiff attempted service on the entity "J.B. Hunt Transport Services, Inc." on August 14, 2014 and September 8, 2014, and subsequently filed Affidavits of Service reflecting this in the Iowa District Court for Polk County.  (See Exhibit C, Affidavits of Service).  However, this entity does not have a registered service agent in Iowa.  Plaintiff did not serve Defendant J.B. Hunt Transport, Inc. until September 16, 2014.

3.      Plaintiff's claims against Defendant in the State Court Action consist of alleged violations of the Americans with Disabilities Act, the Civil Rights Act of 1964 and the Iowa Civil Rights Act.

## PAPERS FROM REMOVED ACTION

4.      Copies of all process, pleadings and orders served upon J.B. Hunt in said action are attached hereto as Exhibit A, as required by 28 U.S.C. §1446(a).

## REMOVAL IS TIMELY

5.      J.B. Hunt is filing this Notice of Removal within thirty (30) days after receipt of the State Court Action.  Thus, under 28 U.S.C. § 1446(b), J.B. Hunt's Notice of Removal is timely.

## VENUE REQUIREMENT IS MET

6.      Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action was pending.  J.B. Hunt hereby designates Des Moines, Iowa as the place for trial.

## FEDERAL QUESTION JURISDICTION IS MET

7.      This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1331 (federal question) and is one that may be removed to this Court based on a federal question under 28 U.S.C. §§ 1441 and 1446.

8.      A state law claim can be removed to federal court if a federal question exists. *Tiengkham v. Elec. Data Sys. Corp.*, 551 F. Supp. 2d 861, 869 (S.D. Iowa 2008).  "Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States."  *Id*.  "Removal of a state law claim is appropriate in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action *or* that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (emphasis in original).

9.      Plaintiff has raised claims for relief under the Americans with Disabilities Act and the Civil Rights Act of 1964.  (See Ex. A, Plaintiff's Second Amended Petition at Law and Jury Demand).

10.     Therefore, because Plaintiff has claimed the alleged adverse actions of Defendant includes, among other things, discrimination in violation of Plaintiff's rights under the Americans with Disabilities Act and the Civil Rights Act of 1964, the Court will have to resolve a substantial question of federal law.

11.     Further, the additional claims made in the State Court Action, *to wit*, disability discrimination in violation of the Iowa Civil Rights Act, fall under this Court's supplemental jurisdiction as they are so related to Plaintiff's alleged federal discrimination claims that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## DIVERSITY OF CITIZENSHIP JURISDICTION IS MET

12.     This is a civil action subject to the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441 and 1446.

13.     Diversity of citizenship is present if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

14.     The matter is between citizens of different states.

15.     Plaintiff is a citizen of the State of Iowa.  (See Ex. A, Paragraph 1).

16.     For purposes of removal of a state court action on the basis of diversity of citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

17.     J.B. Hunt is incorporated in the state of Georgia and has its principal place of business in the state of Arkansas; therefore, J.B. Hunt is not a citizen of the state of Iowa for purposes of 28 U.S.C. §§ 1332 and 1441.

18.     The standard for determining whether a plaintiff's claim meets the amount in controversy is whether the district court finds, by a preponderance of the evidence, that plaintiff's damages are greater than $75,000.  28 U.S.C. § 1446 (c)(2)(B).

19.     Courts generally may consider actual damages, compensatory damages, punitive damages, emotional distress damages, and attorney fees in determining whether the amount in controversy exceeds $75,000.  *See Allison v. Sec. Ben. Life Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir.1992); *Wiemers v. Good Samaritan Society*, 212 F. Supp.2d 1042, 1048 (N.D. Iowa 2002); *see also* 28 U.S.C. § 1446 (c)(2)(A)(i).

20.     The State Court Action seeks "judgment against Defendant in an amount sufficient to fully and fairly compensate him for his injuries, including *all* relief available under the American [*sic*] with Disabilities Act, the Civil Rights Act of 1964, and the Iowa Civil Rights Act, together with attorney fees, expenses, the costs of this action, and interest thereon as provided by law." (emphasis added).

21.     Although Plaintiff's Petition does not allege a specific amount of damages sought, Defendant believes in good faith that (without any admission as to the merits of those

4

allegations) Plaintiff's alleged damages for "all relief available under the American [*sic*] with Disabilities Act, the Civil Rights Act of 1964, and the Iowa Civil Rights Act, together with attorney fees, expenses, the costs of this action, and interest thereon as provided by law" exceeds the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a) based upon the allegations in his Petition and the potential that Plaintiff would be awarded attorney fees if successful at trial.

22.     Thus, Plaintiff's Petition seeks more than $75,000, which satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(a).

23.     Therefore, because the amount in controversy exceeds the value of $75,000, and the matter is between citizens of different states, diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

## REMOVAL IS PROPER

24.     The state court action may be removed to this Court by J.B. Hunt in accordance with the provisions of 28 U.S.C. §§ 1441(c) and 1446(b) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Iowa; (ii) this action could have been brought in this jurisdiction; and (iii) the amount in controversy exceeds the value or sum of $75,000, exclusive of interest and costs; and (iv) the matter in controversy is between citizens of different states.

## FILING OF REMOVAL PAPERS

25.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice of Filing of Removal has been simultaneously filed with the Iowa District Court for Polk County.

26.     The information required by Local Rule 81(a) of this Court is attached as Exhibit B.

27.     Pursuant to Local Rule 81(a)(1) of this Court, copies of all process, pleadings, and orders filed in the state case are attached as Exhibit C.

CONCLUSION

WHEREFORE, Defendant J.B. Hunt Transport, Inc. hereby notifies this Court, Plaintiff, and the Iowa District Court for Polk County that the above-captioned matter, now pending against it in the Iowa District Court for Polk County, has been removed to this Court.

Respectfully submitted,

_____

Sara R. Laughlin   AT0009400
DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
699 Walnut Street, Suite 1600
Des Moines, IA 50309
Tel.:  515-246-4549
Fax:  515-246-4550
slaughlin@dickinsonlaw.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 7, 2014, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record:

Harley C. Erbe, PK002430
ERBE LAW FIRM
2501 Grand Avenue
Des Moines, Iowa 50312
ATTORNEY FOR PLAINTIFF


By:     */s/ Lynda D. Shoemaker*
         Lynda Shoemaker
         Legal Assistant to Sara R. Laughlin