IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GENE B. CUMMINS,<br><br>   Plaintiff,<br><br>vs.<br><br>J.B. HUNT TRANSPORT, INC.,<br><br>   Defendant. | No. 4:14-cv-00402-REL-CFB<br><br><br>**ORDER** |

  *All parties* and their lead counsel are **ORDERED TO APPEAR before the undersigned, United States Courthouse, Room 435, Des Moines, Iowa, at 9:00 a.m. on June 23, 2015.** An insured party shall appear by a representative of the insurer who is authorized to discuss and make recommendations relating to settlement. An uninsured corporate party shall appear by a representative authorized to discuss and make recommendations relating to settlement.

  Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. *Before arriving* **at the settlement conference the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counter proposals shall be made.** If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

  Each party shall provide the undersigned, in confidence, a concise statement of the evidence the party expects to produce at trial **on or before June 19, 2015.** The statements *shall outline the settlement negotiations* to date.

  The purpose of the settlement conference is to facilitate settlement of this case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to any other party, or to the trial judge. The undersigned, of course, will not serve as the trial judge in this case.

  At the settlement conference the parties, by counsel, shall give a brief (5 minute)

presentation outlining the factual and legal highlights of their case. Then separate, confidential caucuses will be held with each party and the party's representative(s). *Attached* is an outline for counsel to review with the parties prior to the settlement conference to make the best use of the limited time allotted.

**The request for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference**, by reducing the time for communication of offers and expanding the ability to explore options for settlement.

The success or failure of a settlement conference is driven by the commitment made by each party, and its counsel, to a candid, good faith participation in the settlement conference. It shall be the duty of each party, and its counsel, to fully analyze all issues pertaining to the settlement conference, and it shall be the duty of the lawyer representing a party to notify the Court, and opposing counsel, when a lawyer knows or has reason to believe that her or his client does not intend to participate in good faith in the settlement conference, does not intend to have someone present with full authority to settle the case, or that issues have arisen or changed that would make good faith settlement negotiation difficult or impossible. Notification to the Court need not violate attorney-client confidences; the notice can be made in the form of a motion, or joint stipulation for continuance and/or cancellation of the settlement conference; or a call to chambers. A failure on the part of a lawyer to give timely and reasonable notice to the Court and opposing counsel of the inability of a party to proceed with a settlement conference could result in the imposition of sanctions in the form of expenses and attorney fees.

**IT IS SO ORDERED**.

Dated this 19th day of May, 2015.

*Celeste F. Bremer*

**CELESTE F. BREMER**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

**A.** **FORMAT**

1. Parties with ultimate settlement authority **must** be personally present.

2. The court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

3. Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this conference? If so, or if you want to know more about these processes, please contact the court so a conference call to discuss options can be arranged. Have you discussed these options with your client?

**B.** **ISSUES**

1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

2. What remedies are available resulting from this litigation or otherwise?

3. Is there any ancillary litigation pending planned which affects case value?

4. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

5. Do attorneys fees or other expenses affect settlement? Have you communicated this to the other side?

**C.** **AUTHORITY**

1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the court immediately.

2. Is there valid insurance coverage? In what amount? If coverage is at

issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier? If so, notify the court immediately.

**D.   NEGOTIATIONS**

1. Where have your last discussions ended? Are you sure?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

**E.   CLOSING**

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3. How soon could checks closing documents be received?

4. If settlement is not reached and further discovery is needed, what is your plan for continued settlement discussions? Do you want court involvement in these talks?

5. If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.